KEVIN V. RYAN (CSBN 118321)
United States Attorney
JOANN M.. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

*E-filed 10/5/05*

150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5082
FAX: (408) 535-5081

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC EDWARD ANCTIL, | Case No. C 05-00735 HRL |
| Plaintiff, | STIPULATION OF SETTLEMENT |
| v. | as amended, and Order. |
| UNITED STATES POSTAL SERVICE, et al., | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between plaintiff Eric Edward Anctil and defendant United States of America, as follows:

1. The parties do hereby agree to settle and compromise the above-entitled personal injury action under the terms and conditions set forth herein.

2. The United States of America, defendant, agrees to pay to the plaintiff the sum of $20,000.00 (Twenty thousand dollars and no cents), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, for which

1    plaintiff or his heirs, executors, administrators, or assigns, and each of them, now have or may

2    hereafter acquire against the United States of America or its agents, servants, and employees.

3        3.  Plaintiff and his heirs, executors, administrators or assigns hereby agree to accept the

4    sum of $20,000.00 in full settlement and satisfaction of any and all claims, demands, rights, and

5    causes of action of whatsoever kind and nature, arising from, and by reason of any and all known

6    and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the

7    consequences thereof which they may have or hereafter acquire against the United States of

8    America or its agents, servants and employees on account of the same subject matter that gave

9    rise to the above-captioned lawsuit.  Plaintiff and his heirs, executors, administrators or assigns

10   further agree to reimburse, indemnify and hold harmless the United States of America and its

11   agents, servants or employees from any and all such causes of action, claims, liens, rights, or

12   subrogated or contribution interests incident to or resulting from further litigation or the

13   prosecution of claims by plaintiff or his heirs, executors, administrators or assigns against any

14   third party or against the United States of America.

15       4.  This stipulation for compromise settlement is entered into by all parties for the

16   purpose of compromising disputed claims and avoiding the expenses and risks of litigation.  This

17   settlement does not constitute an admission of liability or fault on the part of the defendant.

18       5.  This agreement may be pled as a full and complete defense to any subsequent action or

19   other proceeding which arises out of the claims released and discharged by the agreement.

20       6.  It is also agreed, by and among the parties, that the settlement amount of $20,000.00

21   paid by the United States of America to plaintiff represents the entire amount of the compromise

22   settlement and that the respective parties will each bear their own costs, fees, and expenses and

23   that any attorneys' fees owed by the plaintiff will be paid out of the settlement amount and not in

24   addition thereto.

25       7.  It is also understood by and among the parties that, pursuant to Title 28, United States

26   Code, Section 2678, attorneys' fees for services rendered to plaintiff in connection with this

27   action shall not exceed 25 per centum of the amount of the compromise settlement.

28   //

STIPULATION RE SETTLEMENT; [PROPOSED] ORDER
Case No. C 05-00735 HRL                    -2-

8.  Payment of the settlement amount will be made by a check payable to "R. Spencer Quinn and Eric Anctil."

9.  Plaintiff is advised that settlement checks are often not available for eight to ten weeks after approval of the settlement by the court.  Counsel for the United States of America will notify plaintiff's counsel when the settlement check is available.  Within ten (10) days of such notification, plaintiff agrees that he will cause his attorneys to execute and provide to defense counsel, a stipulation of dismissal with prejudice of plaintiff's complaint.  Within ten (10) days of receipt of the plaintiff's stipulation of dismissal, the United States of America will deliver the above-referenced settlement check to plaintiff's counsel.

10.  Plaintiff hereby releases and forever discharges the United States Postal Service, the United States of America and any and all of their past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in plaintiff's pleadings in this action.

11.  The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understands that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by him to be true, the Agreement shall be and remain effective notwithstanding such material difference.

12.  The parties agree that this stipulation is intended to be a full and final settlement of all claims arising out of the allegations set forth in plaintiff's pleadings in this action.  Plaintiff

1    agrees to indemnify and hold harmless defendant United States of America from any and all

2    claims, demands, obligations, liens, and lawsuits brought against the United States of America,

3    its agencies or employees, including but not limited to the United States Postal Service, arising

4    out of the allegations set forth in plaintiff's complaint in this action.

5         13.  This instrument shall constitute the entire agreement between the parties, and it is

6    expressly understood and agreed that the agreement has been freely and voluntarily entered into

7    by the parties hereto with the advice of counsel, who have explained the legal effect of this

8    agreement.  The parties further acknowledge that no warranties or representations have been

9    made on any subject other than as set forth in this Agreement.  This Agreement may not be

10   altered, modified or otherwise changed in any respect except by writing, duly executed by all of

11   the parties or their authorized representatives.

12        14.  The parties agree that, should any dispute arise with respect to the implementation of

13   the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue his

14   original causes of action.  Plaintiff's sole remedy in such a dispute is an action to enforce the

15   Agreement in district court.  The parties agree that the district court will retain jurisdiction over

16   this matter for the purposes of resolving any dispute alleging a breach of this Agreement, until

17   // February 1, 2006.

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

STIPULATION RE SETTLEMENT; [PROPOSED] ORDER
Case No. C 05-00735 HRL                    -4-

15. This settlement agreement may be signed in counterparts.

DATED: October 3, 2005                    KEVIN V. RYAN
                                          United States Attorney


                                          /s/ Claire T. Cormier
                                          CLAIRE T. CORMIER
                                          Assistant United States Attorney
                                          Attorneys for United States of America


DATED: October 3, 2005


                                          /s/ Eric Edward Anctil
                                          ERIC EDWARD ANCTIL
                                          Plaintiff


                                          LAW OFFICES OF R. SPENCER QUINN


DATED: October 3, 2005                    /s/ R. Spencer Quinn
                                          R. SPENCER QUINN
                                          Attorneys for Plaintiff


## [PROPOSED] ORDER

Pursuant to the parties' stipulation of settlement, IT IS SO ORDERED.


Dated: 10/5/05                            /s/ Howard R. Lloyd
                                          HOWARD R. LLOYD
                                          United States Magistrate Judge